IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD M. WING, JR.

    Plaintiff,

vs.                                                    Civ. No. 02-0560 JP/WWD

BOARD OF COUNTY COMMISSIONERS,
of the County of San Juan; DEPARTMENT
OF SHERIFFS, County of San Juan; and
INVESTIGATOR BOB MILTON, of the San
Juan County Sheriff's Department,

    Defendants.

MEMORANDUM OPINION AND ORDER

On November 25, 2002, the Defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. No. 12).[1] The Plaintiff did not file a response to the motion to dismiss or for summary judgment within the time permitted by the rules of this Court. D.N.M. LR-Cv 7.6(a). The Plaintiff's failure to file a response opposing the motion to dismiss or for summary judgment is deemed to be consent to the granting of the motion. D.N.M. LR-Cv 7.1(b). Nonetheless, having reviewed the motion and the supporting memorandum including its exhibit, the Court concludes that the Plaintiff's complaint fails to state a claim upon which relief can be granted. Consequently, the complaint is subject to dismissal under Rule 12(b)(6). The Defendants are also entitled to the granting of their motion to dismiss or for summary judgment as

---

[1] Although the Defendants' motion is styled as a motion to dismiss, or in the alternative, a motion for summary judgment, the Court will treat the motion as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The only supporting evidence attached to the motion is a Memorandum Opinion and Order (Doc. No. 32), filed in Civ. No. 01-939 LFG/WWD, a companion case. In determining whether to grant a Rule 12(b)(6) motion, the Court can consider matters of public record and orders without converting the Rule 12(b)(6) motion into a motion for summary judgment. Wright & Miller, *Federal Practic and Procedure: Civil 2d §1357*, pg. 299.

an appropriate sanction in accordance with *Meade v. Grubbs*, 841 F.2d 1512 (10th Cir. 1988). The Court makes the following findings in accordance with *Meade*:

    1. Defendants have been prejudiced by the failure of the Plaintiff to respond to their motion to dismiss or for summary judgment because they incurred the expense of the filing of the motion and supporting brief;

    2. Plaintiff has interfered with the judicial process first by not filing a response in opposition to the motion to dismiss or for summary judgment within the time permitted by the rules of this Court and second by failing to file a response any time to date; and

    3. Plaintiff has provided no explanation, whatsoever, for his failure to file any response to the motion to dismiss or for summary judgment which was filed approximately six weeks ago.

These aggravating factors outweigh the normal predisposition to resolve claims on their merits and justify the dismissal of Plaintiff's claims against the Defendants with prejudice as an appropriate sanction.

    Defendants' motion to dismiss or for summary judgment should be granted on the basis of the deemed consent of the Plaintiff, on the merits, and as a sanction for the Plaintiff's failure to prosecute his claims against the Defendants.

    IT IS ORDERED that:

    1. Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. No. 12) is granted; and

2. this cause of action will be dismissed with prejudice as to all of the Defendants.

_____
CHIEF UNITED STATES DISTRICT JUDGE